UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD L. TERRY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil No. 19-cv-11542-LTS <br> ) |
| VINFEN and DAN W. GRAY, individually, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## ORDER ON MOTION TO ENFORCE (DOC. NO. 22) AND MOTION TO DISMISS (DOC. NO. 23)

December 31, 2019

SOROKIN, J.

On October 10, 2019, the parties participated in a mediation before Magistrate Judge Dein. Doc. No. 15. At the conclusion of the mediation, the following statements were made on the record:

> THE COURT: All right. Have you [Mr. Terry] had an opportunity to review the agreement before you signed it?
>
> MR. TERRY: Yes, Your Honor.
>
> THE COURT: And are you signing it voluntarily?
>
> MR. TERRY: Yes, Your Honor.
>
> THE COURT: And do you understand that this ends this matter?
>
> MR. TERRY: Yes, Your Honor.

Doc. No. 27-9 at 4-5. The written agreement, executed by the parties on October 10, 2019 before Magistrate Judge Dein, provided for a seven-day period during which Plaintiff Terry

could revoke the settlement agreement, as required by the Older Workers Benefit Protection Act, 29 U.S.C. § 626. Doc. No. 27-10 ¶ 19. Specifically, the agreement provided that Terry "may revoke [the Settlement] Agreement within seven (7) days after he signs it, by delivering a letter in hand or first class mail (postage prepaid), to Jaclyn Kugell, Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109." Id. The next sentence of the agreement provides that "[t]his [agreement] shall be of no force and effect unless Mr. Terry . . . does not revoke this [agreement] within the seven (7) day period outlined [in the previous sentence]." Id. ¶ 20.

The seven-day revocation period expired on October 17, 2019. Terry never delivered a revocation letter by hand or first class mail to Defendants. He did, however, email Ms. Kugell on October 13, 2019, stating: "Kindly accept this notice as my revocation of the confidential settlement agreement and release in Terry v Vinfen et. al. signed on October 10, 2019." Doc. No. 27-5. By the plain terms of the parties' settlement agreement, this email is insufficient to revoke the agreement. As the parties recognized in their signed agreement, letters often possess a greater solemnity than emails. Cf. Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 557 (1st Cir. 2005) ("[W]ithin the context of this case, [an] e-mail communication, in and of itself, was not enough" to effect revocation.). The parties specifically eschewed permitting revocation by email and the Court enforces that choice. See Univ. Emergency Med. Found. v. Rapier Investments, Ltd., 197 F.3d 18, 20 (1st Cir. 1999) ("Where, as here, such 'a condition is required by the agreement of the parties . . . a rule of strict compliance traditionally applies.'") (quoting Farnsworth, Contracts § 8.3, at 571 (1990)).

On October 18, 2019, a day after the close of the revocation period, defense counsel received a priority mailing from Terry that merely contained a printed copy of his October 13, 2019 email. Doc. No. 27-6. This too failed to revoke the agreement. The agreement provides

2

that Terry "may revoke [the Settlement] Agreement within seven (7) days after he signs it." Doc. No. 27-10 ¶ 19; see also id. ¶ 20 (providing that the settlement "shall be of no force and effect unless Terry . . . does not revoke [the agreement] within the seven (7) day period outlined in paragraph 19."). In light of the language agreed to by the parties that the agreement is not effective until the "seven day" period passes "without revocation," the Court concludes that the agreement required receipt by the Defendants of the revocation notice within the seven-day period. This did not occur; thus, the mailing was insufficient to effect revocation. Cf. Rapier Investments, Ltd., 197 F.3d at 21 (noting that "[a]t common law, the default rule . . . makes notice effective only upon receipt, not mailing."); Rice v. New England Coll., 676 F.2d 9, 10 (1st Cir. 1982) (holding that notice was not timely when it was received one day after the relevant time period).[1]

Assuming without deciding that equity would permit setting aside the settlement, the equitable considerations here support enforcement. First, Terry is an experienced lawyer, a member of the Massachusetts Bar since 1976, and a former law clerk for a Superior Court of the Commonwealth. Doc. No. 30 at 1. He understood the terms of the settlement agreement, knew how to comply, and did not do so. Cf. Sheridan v. McGraw-Hill Companies, Inc., 129 F. Supp. 2d 633, 637 (S.D.N.Y.), aff'd, 24 F. App'x 64 (2d Cir. 2001) (enforcing an agreement when the objecting party was college-educated, had a "sophisticated understanding of [relevant]

---

[1] Even if the agreement could be read to permit revocation provided a revocation notice was mailed, i.e. postmarked with sufficient postage prepaid during the seven-day period, there is no evidence before the Court establishing that this is what Terry did. Terry has submitted no evidence regarding the priority mail package. Likewise, Defendants did not submit a copy of the envelope. While the package may well have been mailed prior to October 18, for all the Court knows, on this record, it was sent via a same-day delivery mailing. As the party invoking his right to revoke, Terry bears the burden to establish that he did so in compliance with the procedural requirements. And as an experienced lawyer, the Court presumes that he knew how to do so.

3

transactions, and the capacity to read and comprehend a document such as the [settlement] agreement"). Second, notwithstanding the fact that Magistrate Judge Dein and Defendants repeatedly reached out to Terry prior to the revocation deadline in response to his October 13, 2019 email, Terry failed to respond to any of their inquiries. Doc. No. 27 at 3-4. Third, Terry's opposition contends that he was "pressured by [Magistrate Judge Dein] to take the [settlement] offer" during the course of mediation. Doc. No. 30 at 3. These factual assertions are unsupported by an affidavit, as required by Local Rule 7.1; thus, they are disregarded by the Court, especially in light of the fact that Plaintiff Terry is an experienced trial lawyer who is aware of the proper procedure for putting facts before the Court. In any event, the Court rejects these assertions as contradicted by Terry's on-the-record, formal representations that his assent to the settlement agreement was made freely and voluntarily. Doc. No. 27-9 at 4-5.

Accordingly, the Motion to Enforce is ALLOWED. Furthermore, the action is DISMISSED WITH PREJUDICE. Counsel shall disburse the settlement funds held in escrow to Attorney Terry pursuant to the settlement agreement. The request for mediation fees is DENIED; however, the request for fees to enforce is ALLOWED. There was no reasonable basis to resist the motion advanced by Defendants. And Terry has previously engaged in similar behavior. Doc. No. 27 at 2. The Court concludes that Terry proceeded as he did intentionally to make matters difficult and expensive for Defendants. See Mullane v. Chambers, 333 F.3d 322, 337–38 (1st Cir. 2003) (holding that "a court possesses inherent equitable powers to award attorneys' fees against a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotation marks omitted). Defendants may submit a claim for

reasonable fees in preparing the Motion to Enforce within 7 days of the issuance of this Order. Terry may respond within 14 days of Defendants' submission.

                                          SO ORDERED.

                                          /s/ Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge